*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VC, by next friends CLAUDIO CONSOLINO and
CRISTINA CONSOLINO,

       Plaintiffs-Appellants,

v

MACOMB COUNTY and CITY OF SHELBY
TOWNSHIP,

       Defendants-Appellees.

UNPUBLISHED
July 20, 2026
10:25 AM

No. 372154
Macomb Circuit Court
LC No. 2024-000148-NO

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's orders granting summary disposition in favor of defendants Macomb County and Shelby Township under MCR 2.116(C)(7) (governmental immunity). We affirm.

## I. FACTUAL BACKGROUND

This case arises from an August 2022 collision on 25 Mile Road near Lawson Creek Drive in Shelby Township, Michigan. Plaintiff, then 14 years old, was riding her bicycle westbound on the sidewalk on the north side of 25 Mile Road with a friend. Near Lawson Creek Drive, the sidewalk ended before a stream. On the south side of 25 Mile Road, the sidewalk continued over the stream by way of a pedestrian bridge. According to plaintiff, a pedestrian or bicyclist traveling westbound on the north-side sidewalk had to cross 25 Mile Road to continue westbound because there was no crosswalk, signage, or intersection at that location.

Plaintiff alleged that when she reached the end of the sidewalk, she stopped her bicycle, waited for traffic to clear, and carefully proceeded to cross 25 Mile Road. Eastbound traffic stopped to allow plaintiff and her friend to cross. A westbound driver[1] struck plaintiff with his

---

[1] The driver is not a party to this appeal.

car. Plaintiff was thrown approximately 40 feet. Plaintiff sustained severe injuries. Without question, her life is forever changed by the accident.

Plaintiff filed suit against Macomb County and Shelby Township. In Count I, plaintiff alleged that defendants were liable under the sidewalk exception to governmental immunity, MCL 691.1402a, because the sidewalk abruptly ended and defendants failed to maintain it in reasonable repair. In Count II, plaintiff alleged that defendants were liable under the highway exception to governmental immunity, MCL 691.1402, because 25 Mile Road lacked a crosswalk or other pedestrian protections. In Count III, plaintiff alleged failure to correct dangerous design defects in the road and sidewalk, asking the trial court to adopt the dissenting opinion in *Hanson v Bd of Co Rd Comm'rs*, 465 Mich 492, 508; 638 NW2d 396 (2002) (KELLY, J., dissenting).

In support of her complaint, plaintiff relied on a statement from nearby homeowner Peter King, who stated that he had observed pedestrians and bicyclists reach the end of the sidewalk and then choose between crossing 25 Mile Road, attempting to maneuver over the Lawson Creek area, or turning around. King stated that he considered crossing 25 Mile Road without a crosswalk dangerous. King further stated that he contacted the Shelby Township Public Works Department several times between March 2020 and August 2022 about the condition. According to King, he was told that the matter was being addressed, but that there were issues securing an agreement from a neighboring property owner for a sidewalk or bridge. King stated that surveyors and engineers appeared at the scene only after plaintiff was injured.

Plaintiff submitted a report from traffic crash reconstructionist Timothy Robbins. Robbins described the condition as a "sidewalk system issue" because the sidewalks on the north and south sides of 25 Mile Road did not continue to a mutual crosswalk. Robbins recommended continuing the sidewalk to the nearest crosswalk or adding a crosswalk and flashing light at the crash location. Robbins concluded that plaintiff and her friend were "forced to cross the street to the south sidewalk to continue westward travel" and that "[t]he sidewalk design failed to give them a method of continuation."

Macomb County moved for summary disposition under MCR 2.116(C)(7). The trial court granted the motion, holding that Macomb County was not a "municipal corporation" for purposes of the sidewalk exception and that plaintiff's highway claim was barred because it was premised on an alleged duty to design or install a crosswalk or pedestrian passage. Shelby Township later moved for summary disposition under MCR 2.116(C)(7), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). Plaintiff moved for partial summary disposition under MCR 2.116(C)(10). The trial court denied plaintiff's motion and granted Shelby Township's motion, holding that plaintiff's sidewalk claim was a design-defect claim, that Shelby Township lacked jurisdiction over 25 Mile Road for purposes of the highway exception, and that the court was bound by *Hanson*. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). Summary disposition is proper

under MCR 2.116(C)(7) when a claim is barred by immunity granted by law. *Id*. When reviewing a motion under MCR 2.116(C)(7), this Court accepts the plaintiff's well-pleaded allegations as true and construes them in the plaintiff's favor unless they are contradicted by documentary evidence. *Id*. Whether the doctrine of governmental immunity applies is likewise a question of law that we review de novo. *Id*.

## 1. *HANSON* AND GOVERNMENTAL IMMUNITY

Plaintiff first argues that this Court should adopt the reasoning of the dissent in *Hanson* and hold that governmental entities may be liable for design defects in roadways. We cannot do so.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., broadly immunizes governmental agencies from liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). MCL 691.1407(1). A plaintiff must plead in avoidance of governmental immunity. *Mack v Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). The Legislature has created limited exceptions to that immunity, and courts must apply those exceptions as written.

In *Hanson*, our Supreme Court held that the highway exception imposes a duty to repair and maintain highways, not a duty to design or redesign them. *Hanson*, 465 Mich at 502-503. The Court explained that "[n]owhere in the statutory language is there a duty to install, to construct or to correct what may be perceived as a dangerous or defective 'design.' " *Id*. at 501. Accordingly, an allegation that the roadway's slope created a dangerous sightline was a design-defect claim that did not fall within the highway exception. *Id*. at 494, 503.

Plaintiff recognizes that the *Hanson* majority forecloses her design-defect theory, but she asks this Court to adopt Justice KELLY's dissent. Whatever the force of plaintiff's policy arguments, this Court is bound by decisions of our Supreme Court. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 563; 741 NW2d 549 (2007). We have no authority to treat a Supreme Court dissent as controlling law. Plaintiff's request must therefore be directed to our Supreme Court or the Legislature, not this Court.

## 2. SIDEWALK EXCEPTION

Plaintiff next argues that the trial court erred by dismissing her claim under the sidewalk exception to governmental immunity. We disagree.

MCL 691.1402a(1) provides that "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." A municipal corporation is presumed to have maintained the sidewalk in reasonable repair, and that presumption may only be rebutted by evidence showing that a proximate cause of the injury was either "[a] vertical discontinuity defect of 2 inches or more in the sidewalk" or "[a] dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity." MCL 691.1402a(3). Whether the presumption has been rebutted is a question of law for the court. MCL 691.1402a(4).

With regard to plaintiff's claim against Macomb County, the trial court correctly held that the sidewalk exception does not apply. MCL 691.1402a imposes a duty on a "municipal corporation." Under the GTLA, "municipal corporation" means "a city, village, or township or a combination of 2 or more of these when acting jointly." MCL 691.1401(d). A county is not included in that definition. When statutory language is clear, courts must enforce it as written. *Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 459; 965 NW2d 232 (2020). Because Macomb County is not a municipal corporation under the GTLA, it had no duty under MCL 691.1402a to maintain the sidewalk. The trial court properly granted summary disposition to Macomb County on Count I.

Conversely, Shelby Township is a municipal corporation under MCL 691.1401(d). However, plaintiff's claim against Shelby Township still fails because plaintiff did not allege a failure to maintain an existing sidewalk in reasonable repair. She alleged that the sidewalk should have been designed differently, extended farther, connected to a bridge, or paired with a crosswalk or other pedestrian protections.

MCL 691.1402a(1) imposes a duty to "maintain the sidewalk in reasonable repair." MCL 691.1402a(1). "In common usage, 'maintain' means 'to keep in a state of repair, efficiency, or validity: preserve from failure or decline.' Similarly, 'repair' means 'to restore to a good or sound condition after decay or damage; mend.' " *Hanson*, 465 Mich at 502 (citations omitted). A finite sidewalk is not in disrepair merely because it ends. Nor does the sidewalk exception require a township to build additional sidewalk, construct a bridge, or coordinate a crosswalk across a roadway. Those are design and construction decisions, not maintenance or repair of an existing sidewalk.

This conclusion is reinforced by MCL 691.1402a(3). To rebut the presumption of reasonable repair, plaintiff was required to show that a proximate cause of her injury was either a vertical discontinuity defect of two inches or more "in the sidewalk," MCL 691.1402a(3)(a), or "[a] dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity." MCL 691.1402a(3)(b). Plaintiff does not allege that the paved sidewalk was broken, uneven, or otherwise defective as a walking surface. Rather, plaintiff alleges that the sidewalk ended at an unsafe location because it did not continue over Lawson Creek, connect to the south-side sidewalk, or direct users to a crosswalk.

Those allegations do not describe a failure to maintain the existing sidewalk in reasonable repair. They describe an alleged failure to design or construct a different pedestrian route. Plaintiff's own expert characterized the condition as a "sidewalk system issue" and concluded that "[t]he sidewalk design failed to give [plaintiff and her friend] a method of continuation." That framing is consistent with plaintiff's theory of liability, but it places the claim outside the sidewalk exception. The sidewalk exception imposes a duty to maintain an installed sidewalk in reasonable repair; it does not impose a duty to extend the sidewalk, construct a bridge, install a crosswalk, or otherwise redesign the surrounding pedestrian infrastructure.

Accordingly, plaintiff failed to rebut the statutory presumption that Shelby Township maintained the sidewalk in reasonable repair. The trial court properly granted summary disposition to Shelby Township on Count I.

## 3. HIGHWAY EXCEPTION

Plaintiff also argues that the trial court erred by dismissing her claim under the highway exception. Again, we disagree.

MCL 691.1402(1) provides, in relevant part, that "[e]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." The statute further provides that, except as provided in the sidewalk exception,

> the duty of a governmental agency to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. [MCL 691.1402(1).]

Plaintiff's highway claim against Macomb County fails because plaintiff has not alleged a defect in the improved portion of 25 Mile Road designed for vehicular travel. Rather, plaintiff alleges that 25 Mile Road was unsafe because there were no pedestrian protections where the north-side sidewalk ended. While this perhaps may be true, that is not a repair-and-maintenance claim. It is a claim that Macomb County should have designed or redesigned the roadway and surrounding pedestrian infrastructure differently. As earlier discussed, *Hanson* squarely forecloses that theory. See *Hanson*, 465 Mich at 501-503. The highway exception does not impose a duty "to install, to construct or to correct what may be perceived as a dangerous or defective 'design.' " *Id.* at 501. Nor does it impose a duty to redesign a roadway to eliminate alleged points of special danger. *Id.* at 503.

Plaintiff's theory also conflicts with MCL 691.1402(1), which provides that the duty and liability to repair and maintain highways "extends only to the improved portion of the highway designed for vehicular travel" and "does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel." Plaintiff's claim depends on the absence of a crosswalk, signage, or other pedestrian protection. But the highway exception does not require a governmental agency to create those additional installations. It requires only that the agency maintain the improved portion of the highway designed for vehicular travel in reasonable repair. *Hanson*, 465 Mich at 501; *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 183-184; 615 NW2d 702 (2000).

Plaintiff's reliance on *Sebring v City of Berkley*, 247 Mich App 666; 637 NW2d 552 (2001), is misplaced. First, it is axiomatic that our court cannot overrule binding precedent from the Supreme Court. Second, *Sebring* is factually distinguishable from the case at bar. *Sebring* involved a pedestrian who fell because of irregularities in the improved portion of the roadbed that also happened to be within a crosswalk. *Id.* at 670, 680-681. *Sebring* did not impose a duty to create a crosswalk where none existed. Nor did it hold that the absence of a crosswalk transforms an otherwise intact roadway into a highway defect. Because plaintiff's highway claim against Macomb County is premised on the absence of pedestrian protections and not a defect in the improved portion of the roadway designed for vehicular travel, the highway exception does not apply.

Plaintiff's highway claim against Shelby Township fails for an additional reason: Shelby Township did not have jurisdiction over 25 Mile Road. The highway exception imposes liability only on a governmental agency "having jurisdiction over a highway." MCL 691.1402(1). A governmental agency cannot be liable under the highway exception for a highway over which it lacks jurisdiction.

MCL 691.1402(2) further provides that "[a] municipal corporation has no duty to repair or maintain, and is not liable for injuries or damages arising from, a portion of a county or state highway." Shelby Township is a municipal corporation, and plaintiff has not shown that Shelby Township had jurisdiction over 25 Mile Road. Accordingly, Shelby Township had no statutory duty under the highway exception to repair or maintain 25 Mile Road.

Plaintiff's allegations concerning the sidewalk do not alter this conclusion. Even assuming Shelby Township had obligations concerning an adjacent sidewalk, the highway exception concerns the governmental agency with jurisdiction over the highway. Plaintiff's highway claim is based on the condition of 25 Mile Road, specifically the absence of a crosswalk, signage, or other pedestrian protections. Because Shelby Township did not have jurisdiction over 25 Mile Road, it cannot be liable under MCL 691.1402. For the foregoing reasons, the trial court properly dismissed plaintiff's highway-exception claim against both defendants.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello